UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Earnest Parker-Bey,

                Plaintiff,        Case No. 15-cv-10694
                                     Hon. Judith E. Levy
v.                                     Mag. Judge R. Steven Whalen

United States of America,

                Defendant.

_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

    Plaintiff Earnest Parker-Bey is an inmate at the Federal Correctional Institution in Milan, Michigan. He brings this action against defendant United States of America, alleging negligent destruction of records pertaining to him. On February 25, 2015, Magistrate Judge R. Steven Whalen signed an order of deficiency, requiring plaintiff either to submit the $400 filing fee or to provide (1) a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, (2) a current certification or business manager's account statement, and (3) a statement of plaintiff's trust fund account for the six-month period

1

immediately preceding the filing of his complaint. (Dkt. 2.) Plaintiff was given thirty days to comply with the order. (Id.)

On February 25, 2015, and again on March 9, 2015, plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs. (Dkt. 4, 6.) Plaintiff, however, has failed to provide this Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff has also failed to provide the Court with a certified trust account statement.

A prisoner who wishes to bring a civil action in federal court without prepayment of fees and costs must file a "certified copy of [his or her] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

"If an inmate . . . fails to provide an affidavit of indigency or trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee." *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), *overruled*

*on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the inmate fails to correct the error or pay the filing fee, "the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id*. The case must then be dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore*, 114 F. 3d at 605.

Plaintiff has also failed to provide the Court with a signed certification regarding his trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements under § 1915(a)(2). *See Hart v. Jaukins,* 99 F. App'x 208, 209-10 (10th Cir. 2004); *Moore v. Vantifflin,* No. 08-15168, 2009 WL 224548, at * 1 (E.D. Mich. Jan. 30, 2009).

Because plaintiff has failed to comply with the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution. *See Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, plaintiff's complaint is DISMISSED without prejudice to plaintiff re-filing a complaint either with the $ 400.00 filing fee or with the correct documentation to proceed without prepayment of fees.

IT IS SO ORDERED.

Dated: April 28, 2015           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2015.

         s/Felicia M. Moses
         FELICIA M. MOSES
         Case Manager